IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MARK J. CUYLER,                    )
                                   )
          Plaintiff,               )
                                   )
v.                                 )
                                   )
                                   )    CIVIL ACTION
JOHN LEY, and Justices:            )    FILE NO. 1:12-cv-3066-JEC
ADALBERTO JORDAN, CHARLES          )
R. WILSON, STANLEY MARCUS,         )
J. L. EDMONDSON, FRANK M.          )
HULL, GERALD B. TJOFLAT,           )
and ROSEMARY BARKETT,              )
                                   )
          Defendants.              )

## ORDER & OPINION

This case is before the Court on the plaintiff's Motion to Remand [7], the plaintiff's Motion to Disqualify Judge [5], the plaintiff's Motion for Non-Joinder [12], and the defendant's Motion to Dismiss [2].  The Court has reviewed the record and the arguments of the parties and, for the reasons set out below, concludes that the plaintiff's Motion to Remand [7] should be **DENIED**, the plaintiff's Motion to Disqualify Judge [5] should be **DENIED**, the plaintiff's Motion for Non-Joinder [12] should be **DENIED**, and the defendant's Motion to Dismiss [2] should be **GRANTED**.

## BACKGROUND

On July 27, 2012, plaintiff Mark J. Cuyler filed a complaint for damages against John Ley and Judges Adalberto Jordan, Charles R.

Wilson, Stanley Marcus, J.L. Edmondson, Frank M. Hull, Gerald B. Tjoflat, and Rosemary Barkett in Fulton County Superior Court. (Defs.' Mot. to Remove [1-1].)  Defendant Judges Jordan, Wilson, Marcus, Edmondson, Hull, Tjoflat, and Barkett are judges on the Eleventh Circuit Court of Appeals and Defendant Ley is the Clerk of the Eleventh Circuit Court.

In his complaint, the plaintiff alleges numerous grievances against the defendants in both their individual and official capacities, including the defendants' "[d]iscrimination, [c]onspiracy to commit [f]raud, and [c]ivil [r]ights [v]iolation." (*Id.*)  Among these allegations, the plaintiff states that the defendant judges ignored a motion requesting financial disclosure and rendered orders prior to that disclosure (*id.* at ¶¶ 2, 6, 13), that they violated court rules and the federal rules of civil procedure, and that they ignored United States Supreme Court precedent in making their decisions. (*Id.* at ¶¶ 3-4, 7-9.)[1]

Further, the complaint alleges that the defendant judges "became an advocate for the Appellees by Granting In Part and Denying In Part, prior orders of the district court which is on appeal, [and] this is fraud up on the court because this court have (sic) not allowed the Appellees to present any law for this court to make such

---

[1]  The plaintiff's complaint, however, fails to identify the specific motions, orders, or appeals that he references.

2

a ruling," and that the defendant judges dismissed an appeal without requiring all appellees to file a brief. (*Id.* at ¶¶ 10, 12.) The plaintiff also asserts that defendant Ley committed "fraud upon the court" by issuing an order consolidating the plaintiff's appeals. (Defs.' Mot. to Remove [1-1] at ¶ 5.)[2] Finally, the plaintiff states that all defendants "conspired to [a]id and abet each other and violate plaintiff['s] civil rights and also violated the [o]ath of office." (*Id.* at ¶ 14.) On September 4, 2012, the defendants removed the suit to the United States District Court for the Northern District of Georgia. (*Id.* at [1].)

The present case is not the first time that the plaintiff has sued federal judges based on his disagreement with their rulings. On January 21, 2011, plaintiff filed a complaint asserting a variety of claims on January 21, 2011 against Middle District of Florida Judge Scriven and the State of Florida.[3] (Defs.' Mot. to Dismiss [2-2].) When Judge Fuller of the Middle District of Alabama issued an order dismissing the complaint, the plaintiff attempted to join Judge Fuller as a defendant in the case. (*Id.*) The plaintiff then filed another lawsuit against Judge Scriven, Judge Fuller, and Middle

_____

[2] Again, the plaintiff does not reference the specific appeals that he alleges defendant Ley to have consolidated.

[3] Plaintiff's series of litigation against Middle District of Florida judges is set out at greater length, *supra* at 14 *et seq.*

3

District of Florida Judge Presnell, claiming that the judges were guilty of treason. (*Id.*) When Chief Judge Conway, Middle District of Florida, dismissed the claim, the plaintiff tried to disqualify Judge Conway and file suit against her and Judge Antoon. (*Id.*) Prior to the present suit, the plaintiff filed claims against every active district judge in the Middle District of Florida, accusing the named judges of a litany of grievances, including treason. (*Id.*)

On August 3, 2011, Chief Judge Conway issued an order stating that any complaint submitted by the plaintiff to the Orlando Division of the Middle District of Florida would be subject to a pre-filing screen by the senior magistrate judge, who would determine whether "the complaint has arguable merit; that is, a material basis in law and fact." (Defs.' Mot. to Dismiss [2-2] at 12.) The plaintiff responded to the order by suing seven federal judges in Florida state court. (*Id.* at [2-1].) Acknowledging the plaintiff's "pattern of frivolous, harassing, and vexatious litigation" and his intent to "continue [his] frivolous and vindictive filings in other jurisdictions," Middle District of Florida Judge Merryday modified Judge Conway's previous order. (*Id.*) The modification reads, in part:

II.  New Lawsuits in Non-Federal Forums

The plaintiffs are permanently <u>enjoined from initiating against an</u> active, senior, or retired <u>Article III judge</u>, or magistrate judge, or bankruptcy judge of the

4

United States, <u>or a judicial employee acting on behalf of a federal judge</u>, a <u>lawsuit</u>, action, proceeding, writ, or other matter <u>in a state, county, municipal, or other non-federal court</u> or legal forum in the United States <u>without first obtaining leave from this court</u>.  In moving for leave, the respective plaintiff (1) shall file with the proposed complaint a motion entitled "Motion Seeking Leave to File a Complaint;" (2) shall attach as "Exhibit 1" of the motion a copy of this order; (3) shall attach as "Exhibit 2" of the motion a copy of the August 4, 2011, pre-screen injunction, (Doc. 11) which also details the plaintiffs' litigation history.

(November 2011 Order [2-1] at 4 (emphasis added)(internal footnote omitted).)  The plaintiff did not obtain the permission of the Middle District of Florida to file this complaint.

The plaintiff has filed three motions:  a motion to remand, a motion to disqualify the undersigned, and a motion for non-joinder to add three parties to this suit.  (Pl.'s Mot. to Remand [7]; Pl.'s Mot. to Disqualify Judge [5]; and Pl.'s Mot. for Non-Joinder [12].)  The defendants have filed a motion to dismiss, citing Rules 12(b)(5) and (6) of the Federal Rules of Civil Procedure. Additionally, the defendants argue that the plaintiff is barred from bringing the present suit because of the Middle District of Florida's permanent injunction on the plaintiff. (Defs.' Mot. to Dismiss [2].)  All of these motions are before the Court.

AO 72A
(Rev.8/82)

<u>**DISCUSSION**</u>

I.   <u>**PLAINTIFF'S MOTION TO REMAND**</u>

The plaintiff has filed a motion to remand the present case, arguing that the action cannot be removed under 28 U.S.C. § 1441(b). (Pl.'s Mot. to Remand [7].)  Further, the plaintiff states that an "action can not be remove (sic) if a defendant is a citizen of the forum state."  (*Id.*)

The plaintiff's citation to 28 U.S.C. § 1441(b) is inapt. Section 1441(b) deals only with removal based on diversity jurisdiction.  *See* 28 U.S.C. § 1441(b).  The defendants here seek removal under 28 U.S.C. § 1442(a), which states in part:  "[a] civil action . . . that is commenced in a State court . . . may be removed by . . . (1) . . . [a]ny officer (or any person acting under that officer) of the United States or of any agency thereof . . . [or] (3) [a]ny officer of the courts of the United States, for or relating to any act under color of office or in the performance of his duties." 28 U.S.C. § 1442(a)(1) & (3).

The United States Supreme Court has held that "the right of removal under § 1442(a)(1) is made absolute whenever a suit in a state court is for any act 'under color' of federal office, regardless of whether the suit could originally have been brought in a federal court."  *Willingham v. Morgan*, 395 U.S. 402, 406 (1969). Further, the Eleventh Circuit has agreed that "the removal statute is

6

an incident of federal supremacy, and that one of its purposes was to provide a federal forum for cases where federal officials must raise defenses arising from their official duties."[4]  *Magnin v. Teledyne Cont'l Motors*, 91 F.3d 1424, 1427 (11th Cir. 1996)(quotation marks omitted).  In order for a defendant to properly remove an action under § 1442(a)(1), he must satisfy two separate requirements:  1) he must advance a "colorable defense arising out of [his] duty to enforce federal law;" and 2) he must show a "'causal connection between what the officer has done under asserted official authority' and the action against him."  *Id.* (quoting *Mesa v. California*, 489 U.S. 121, 133 (1989); *Maryland v. Soper*, 270 U.S. 9, 33 (1926)).

As to the first requirement, the Supreme Court has held that the defense "need only be plausible; its ultimate validity is not to be determined at the time of removal."  *Id.*  In the present case, the defendant judges are all judges of the Eleventh Circuit Court of Appeals and defendant Ley is the Clerk of that court.  The plaintiff has alleged that all of the defendants' violations occurred when the defendant judges were presiding over the plaintiff's case and when defendant Ley was working in his administrative role at their court.

---

[4]  In order to ensure federal officials a forum to raise immunity defenses, this circuit has stated that "[t]he test for removal should be broader, not narrower, than the test for official immunity." *Magnin v. Teledyne Cont'l Motors*, 91 F.3d 1424, at 1427 (11th Cir. 1996)(quotation marks omitted).

As Eleventh Circuit case law provides judicial immunity for officials' "acts taken while they are acting in their judicial capacity," all defendants may assert a plausible official immunity defense to the alleged grievances.[5] *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000).

As to the second requirement, the Supreme Court has held that the defendant must show that his relationship with the plaintiff "derived solely from [his] official duties." *Willingham*, 395 U.S. at 409.  Here, no personal relationship between the defendants and the plaintiff is alleged, and the plaintiff's claims all relate to violations the defendants allegedly committed while acting in their official roles on the court.   Therefore, a sufficient causal connection exists between the stated action and defendants' official authority.  As both requirements of § 1442(a)(1) are satisfied, the plaintiff's motion to remand the case is **DENIED**.

## II.  **PLAINTIFF'S MOTION TO DISQUALIFY JUDGE**

The plaintiff moves to disqualify the undersigned from presiding over the present case. (Pl.'s Mot. to Disqualify Judge [5].)  In his motion, the plaintiff argues that "(Judge Julie E. Carnes) must disqualify herself because she has demonstrated (in the past) in another case . . . that she can not be impartial." (*Id.*)  The

---

[5]  This immunity also can apply to clerks of the court, which will be discussed later in the order. *See* § IV(B), *infra* at 20.

plaintiff also states that Judge Carnes "ignored the law, rules of civil procedure, and the guaranteed constitutional amendment rights (Seventh Amendment) to trial by jury in plaintiff brother case (sic), [which] makes Judge Carnes incompetent to preside over any case concerning plaintiff because of her [d]eep-[s]eated racial bias she displayed in plaintiff brother case (sic)." (Pl.'s Reply to Defs.' Resp. in Opp'n to Pl.'s Mot. to Remand [11].)  In short, because plaintiff disagrees with the undersigned's rulings in previous cases that his brother filed, he seeks recusal.[6]

The plaintiff cites to 28 U.S.C. § 455(a), which states: [a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a).  While he correctly points out that "the test [for recusal] is whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality," the plaintiff misinterprets

---

[6]   Plaintiff's brother, Matthew D. Cuyler, has been a prolific *pro se* filer.  Before the undersigned, he has filed two cases: *Cuyler v. State of Georgia*, 1:01-cv-2689-JEC and *Cuyler v. State of Georgia*, 1:02-cv-114-JEC.  Matthew Cuyler has also filed several other *pro se* actions in this district that were assigned to other judges: *Cuyler v. State of Georgia*, 1:01-cv-2575-JOF; *Cuyler v. Wal-Mart Stores East, LP,* 1:03-cv-2801-MHS; *Cuyler v. Wal-Mart Stores East, LP,* 1:04-cv-1557-MHS; *Cuyler v. Wal-Mart Stores East, LP,* 1:05-cv-2340-MHS; *Cuyler v. City of Atlanta,* 1:06-cv-140-RWS; and *Cuyler v. Allstate Insurance Co.,* 1:09-cv-498-RWS.

the relevant case law detailing when a judge should recuse himself from a case.  *Parker v. Conners Steel Co.*, 855 F.2d 1510, 1524 (11th Cir. 1988).

In the Eleventh Circuit, "it is well settled that the allegation of bias must show that the bias is personal as distinguished from judicial in nature."  *Bolin*, 225 F.3d at 1239 (quotation marks and citations omitted).  "[J]udicial rulings alone almost never constitute valid basis for a bias or partiality recusal motion." *Liteky v. United States*, 510 U.S. 540, 541 (1994); *see also McWhorter v. City of Birmingham*, 906 F.2d 674, 678 (11th Cir. 1990)(stating that "[o]rdinarily, a judge's rulings in the same or a related case may not serve as the basis for a recusal motion.").  Instead, "for a bias to be personal, and therefore disqualifying, it must stem from an extra-judicial source."  *Loranger v. Stierheim*, 10 F.3d 776, 780 (11th Cir. 1994)(quotation marks and citation omitted).  An exception exists in rare circumstances, however, when the movant demonstrates pervasive bias and prejudice.  *See id.; McWhorter*, 906 F.2d at 678.

Here, the plaintiff has failed to point to any actual pervasive bias or prejudice, instead making only a conclusory assertion of Judge Carnes's "[d]eep-[s]eated racial bias."  (Pl.'s Mot. to Disqualify Judge [5].)  The plaintiff's vague assertion that the undersigned should not preside over his case because she has ruled previously against his brother does not state an adequate basis for

10

recusal.   The plaintiff has not stated with specificity any impartiality in the prior case that would rise to the level of pervasive bias, nor has he provided any factual grounds for extrajudicial bias.   As there is no factual basis underlying the plaintiff's motion, his allegations are insufficient to prompt an objective, disinterested, lay observer to entertain any significant doubt about the Court's impartiality in this case.   Accordingly, the plaintiff's Motion To Disqualify Judge is **DENIED.**[7]

### III. <u>PLAINTIFF'S MOTION FOR NON-JOINDER</u>

The plaintiff has also filed a motion for non-joinder pursuant to Federal Rule of Civil Procedure 21.  (Pl.'s Mot. for Non-Joinder [12].)  The plaintiff seeks to join Eleventh Circuit Judges Joel F. Dubina, Beverly B. Martin, and William H. Pryor as defendants in this case.[8]  (*Id.*)  Among other allegations, the plaintiff claims the above

---

[7] *See also Loranger v. Stierheim*, 10 F.3d 776, 780-81 (11th Cir. 1994)(affirming a district court's denial of a motion to recuse, stating that adverse rulings do not constitute pervasive bias necessary for recusal); *Kante v. Countrywide Home Loans*, 430 Fed. App'x 844, 849 (11th Cir. 2011)(affirming a district court's denial of a motion to recuse, reasoning that prior adverse rulings in similar cases do not warrant recusal); *Jones v. Commonwealth Land Title Ins. Co.*, 459 Fed. App'x 808, 811 (11th Cir. 2012)(affirming a district court's denial of recusal, stating that adverse rulings would not make an objective person question the judge's impartiality and that actual facts must be asserted to show bias).

[8] With this motion, the plaintiff has now sought to include in this case every active judge in the Eleventh Circuit, except for now-Chief Judge Ed Carnes.

AO 72A
(Rev.8/82)

judges aided, abetted, and conspired with the other named defendants to deprive the plaintiff of his constitutional rights. (*Id.*) The United States Attorney's Office filed a Statement of Interest of the United States of America, arguing that Judges Dubina, Martin, and Pryor, if joined, would be afforded the absolute defense of judicial immunity.[9] (Statement of Interest of the United States of America [13].)

Federal Rule of Civil Procedure 21 states, in part, that: "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." FED. R. CIV. P. 21. The Eleventh Circuit has interpreted Rule 21 to give trial courts "great discretion in managing their dockets" so that "[d]ropping or adding a party to a lawsuit pursuant to Rule 21 is left to the sound discretion of the trial court." *Lampliter Dinner Theater, Inc. v. Liberty Mut. Ins. Co.*, 792 F.2d 1036, 1045-46 (11th Cir. 1986). Here, the current defendants are afforded the absolute defenses of judicial and quasi-

---

[9] While the United States Attorney's Office has not been granted authority to represent Judges Dubina, Martin, or Pryor, this Statement of Interest has been submitted pursuant to 28 U.S.C. § 517. Section 517 of the United States Code allows the United States to attend to any interest of the United States in a suit pending in federal court. *See* 28 U.S.C. § 517; *Republic of Austria v. Altmann*, 541 U.S. 677, 714 (2004)(stating that "the United States may enter a statement of interest counseling dismissal. Such a statement may refer, not only to sovereign immunity, but also to other grounds for dismissal.")(internal citations omitted).

12

judicial immunity.[10]   Thus, joinder of additional parties would be futile as the current claim is due to be dismissed.[11]   Accordingly, the plaintiff's motion for non-joinder is **DENIED**.

## IV.   DEFENDANTS' MOTION TO DISMISS

The defendants have moved to dismiss the plaintiff's claims on three grounds:  (1) that the plaintiff is "prohibited from filing the instant Complaint based on an Order previously issued by the District Court for the Middle District of Florida;"[12]  (2) that the defendant judges are afforded the absolute defense of judicial immunity and thus the complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6); and (3) that defendant Ley is afforded the absolute defense of quasi-judicial immunity and thus the complaint

---

[10]   *See* § IV, *infra* at 13, for a discussion of the defendants' absolute defense of judicial and quasi-judicial immunity.

[11]   The Court takes notice that the plaintiff has also filed a separate complaint against Judges Dubina, Martin, and Pryor.  That complaint, filed after the present Motion for Non-Joinder, presumably mimics the claims that plaintiff would assert against these judges in this case.  This second complaint is also before this Court.  *See* Compl. [1], *Cuyler v. Ley, et al.*, No. 1:13-cv-00181-JEC.

[12]   The defendants also have argued, in the alternative, that they have not "been properly served in accordance with Federal Rules of Civil Procedure 4(i)(1), 4(i)(3), and 4(e)" and thus the complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(5). (Defs.' Mot. to Dismiss [2] at 1 n.1.)  While it does not appear that the plaintiff perfected proper service on the individual defendants, it is unnecessary to address this argument as the case will be dismissed with prejudice on substantive grounds.  Given this result, the defendants would presumably withdraw their motion for dismissal based on service defects.

13

should be dismissed pursuant to Federal Rule of Civil Procedure
12(b)(6). (Defs.' Mot. to Dismiss [2] at 3-4.)

A.   **<u>Plaintiff's Complaint Violates The Permanent Injunction
     Prohibiting Such Filings Without First Complying With Pre-
     Screening Requirements</u>**

1.   <u>Background</u>

Plaintiff has been found to be a vexatious litigant who has
repeatedly refused to accept the finality of orders issued by several
federal judges, but who instead always responds by suing the judge
who has ruled against him, always seeking millions of dollars in
damages and accusing the targeted judge of treason, among other sins.
(Defs.' Mot. to Dismiss [2-2] at 4.) He has caused no end of trouble
in the Middle District of Florida, where he has sued every active
district court judge and every magistrate judge, with the exception
of one magistrate judge who has thus far avoided the plaintiff's
wrath. (*Id.* at 9.)

The Florida federal litigation began when plaintiff sued a loan
company for its efforts to foreclose on plaintiff's home. Judge Mary
Scriven, Middle District of Florida, dismissed the suit. This ruling
greatly irritated the plaintiff, who lashed out against the judge by
suing both her, for millions of dollars in damages, and the State of
Florida. (*Id.* at 4.)

The lawsuit against Judge Scriven was ultimately assigned to
Judge Mark Fuller of the Middle District of Alabama, who had been

14

designated to preside over the case.  Judge Fuller dismissed the case as being frivolous and warned plaintiff that he risked Rule 11 sanctions if he persisted in filing frivolous lawsuits.  (*Id.* at 4-5.)  Plaintiff responded by filing a third lawsuit: this time joining Judge Fuller and Chief Judge Anne Conway as defendants.  (*Id.* at 6.)

This third lawsuit was assigned to Judge Gregory Presnell, who dismissed it with prejudice, as being "patently frivolous" and "willfully malicious," and who directed plaintiff to show cause why he should not be sanctioned, as a result.  Plaintiff's response was to seek Judge Presnell's recusal, which the latter denied.  (Defs.' Mot. to Dismiss [2-2] at 6.)

Predictably, Judge Presnell then became the defendant in plaintiff's fourth lawsuit.  (*Id.* at 7.)  The suit against Judge Presnell was assigned to Chief Judge Anne Conway, who issued an order not only dismissing the case with prejudice, but directing the plaintiff to show cause why he should not be sanctioned for his abusive litigation and enjoined from filing future lawsuits without pre-screening by a judge.  (*Id.* at 7-8.)  Plaintiff's response was to declare the judge's show-cause order to be "no good," and to accuse the judge of having committed a criminal act, including treason.  (*Id.* at 8.)

Plaintiff then filed a fifth lawsuit suing Judge Antoon and a sixth lawsuit suing every active district judge and every magistrate

AO 72A
(Rev.8/82)

judge, except for one magistrate judge, in the Middle District of Florida. (*Id.* at 8-9.)

As plaintiff had failed to respond to Judge Conway's show-cause order in the action against Judge Presnell, Judge Conway entered the first order ("August 2011 Order") setting up special procedures to be used in screening any future litigation filed by the plaintiff.

As Chief Judge Conway noted:

> This nonsense must stop. Plaintiffs' trail of frivolous and abusive litigation has diverted the attention of nearly every judge in the Orlando Division away from the real and legitimate business of this Court: deciding cases brought by litigants who, unlike Plaintiffs, do not seek to subvert the judicial system. This has wasted valuable judicial resources at a time when they are particularly precious - given the tight economic times and Court's extremely heavy workload - and has at least deferred the delivery of justice to other litigants with cases pending in this Court.

(August 2011 Order [2-2] at 2.)

Accordingly, this August 2011 Order directed that any future case attempted to be filed by plaintiff in the Middle District of Florida be pre-screened by a magistrate judge to determine whether the new lawsuit had any arguable merit. If not, the suit would not be allowed to be filed and plaintiff would be subject to a sanction of $500 to be imposed on each such frivolous filing. (*Id.* at 12-13.)

Thereafter, in an apparent effort to circumvent this August 2011 Order, the plaintiff filed his next lawsuit in a Florida state court. In response, Judge Steven Merryday, who was now assigned to the

16

action previously assigned to Chief Judge Conway, modified Judge
Conway's August 2011 injunction to provide that: (1) whenever the
plaintiff sought to file a lawsuit in any federal forum, whether or
not that forum be the Middle District of Florida, the plaintiff must
first seek leave of the court in that forum prior to filing his
action and (2) whenever the plaintiff sought to file in state court
a suit against an Article Three judge, a magistrate judge, or a
bankruptcy judge, or against a judicial employee acting on behalf of
a federal judge, the plaintiff must first seek leave from the Middle
District of Florida, before filing that action.[13]   (Defs.' Mot. to
Dismiss [2-1] ("November 2011 Order") at 4.)

_____

[13]   The Order provides, in part:

II.   New Lawsuits in Non-Federal Forums

The plaintiffs are permanently <u>enjoined from
initiating against an</u> active, senior, or retired <u>Article
III judge</u>, or magistrate judge, or bankruptcy judge of the
United States, <u>or a judicial employee acting on behalf of
a federal judge</u>, a <u>lawsuit</u>, action, proceeding, writ, or
other matter <u>in a state, county, municipal, or other non-
federal court</u> or legal forum in the United States <u>without
first obtaining leave from this court</u>.   In moving for
leave, the respective plaintiff (1) shall file with the
proposed complaint a motion entitled "Motion Seeking Leave
to File a Complaint;" (2) shall attach as "Exhibit 1" of
the motion a copy of this order; (3) shall attach as
"Exhibit 2" of the motion a copy of the August 4, 2011,
pre-screen injunction, (Doc. 11) which also details the
plaintiffs' litigation history.

(November 2011 Order [2-1] at 4 (emphasis added)(internal footnote
omitted).)

2.   <u>Discussion</u>

In this case, the plaintiff filed suit in state court (Fulton County, Georgia Superior Court), naming seven federal appellate judges who sit in the Eleventh Circuit, as well as the Clerk of that court.   Prior to doing so, he did not seek the permission of nor obtain the approval of the Middle District of Florida,[14] as required by the November 2011 injunction order.[15]   Accordingly, the defendants argue that because plaintiff failed to comply with Judge Merryday's November 2011 Order, the present action should be dismissed.   This Court agrees.

The Eleventh Circuit gives district courts "considerable discretion" in restricting "overly litigious *pro se* litigators" who file patently frivolous lawsuits.   *Traylor v. City of Atlanta*, 805 F.2d 1420, 1421 (11th Cir. 1986).   Courts are authorized to take "creative[] actions to discourage hyperactive litigators as long as some access to the courts is allowed."   *Cofield v. Alabama Pub. Serv. Comm'n*, 936 F.2d 512, 518 (11th Cir. 1991).   In *Cofield*, the Eleventh

---

[14]   In his response to the motion to dismiss, plaintiff does not assert that he sought or obtained the permission of the Middle District of Florida prior to filing this action in state court. Instead, he argues that the November 2011 Orders from that court requiring him to obtain permission was invalid. (Pl.'s Obj. [6] at 16-17.)

[15]   This Order in *Cuyler v. Presnell* can be found at No. 6:11-CV-623-ORL-22DAB, 2011 WL 5525372 (M.D. Fla. Nov. 14, 2011)(Merryday, J.).

18

Circuit held that pre-filing screens are a tool that courts may use to curtail malicious and frivolous claims from *pro se* litigators who continuously file suit.  *Id.*

While it is not this Court's place to review Judge Merryday's injunction order,[16] the Court must determine whether it should enforce the injunction's pre-filing screen requirement.  The Eleventh Circuit has stressed that courts should give "deference to such an order of a district court which has been upheld by [a] court of appeals." *Martin-Trigona v. Shaw*, 986 F.2d 1384, 1387 (11th Cir. 1993). "Dismissal of a complaint with prejudice is an appropriate means to enforce violations of such injunctions."  *Id.* at 1388.

In the present case, the plaintiff filed an appeal of the Middle District of Florida's injunction.  *Cuyler*, No. 6:11-cv-00623-SDM-DAB, Apr. 3, 2012 Not. of Appeal at Dkt. No. [31].  The Eleventh Circuit Court of Appeals dismissed the appeal and granted the plaintiff "one motion for reconsideration of the grant of summary affirmance in [this appeal,] Appeal No. 12-15363[,] within twenty-one (21) days of the date of entry of this Order, with no extensions to be granted." *Id.* at Feb. 25, 2013 Mandate of USCA at Dkt. No. [33].  The plaintiff did not file a motion for reconsideration, and his appeal of the Middle District of Florida's injunction was therefore dismissed.

---

[16]  Were it this Court's place to review the Order, it would readily uphold Judge Merryday.

While it is arguable whether the Eleventh Circuit actually "upheld" the Florida Middle District's injunction order, as the ruling appears to have been summary and not based on a review of the merits, the Eleventh Circuit did not overturn the Middle District of Florida's permanent injunction, but instead let it stand. To require that the Eleventh Circuit have actually reviewed the order on its merits would be to reward the plaintiff for his failure to comply with the procedural requirements necessary to obtain such review on the merits, as opposed to dismissal on procedural grounds. At any rate, the Court agrees with the action taken by both Chief Judge Conway and Judge Merryday and defers to the requirements that the latter set out in his November 2011 Order as a prerequisite to the plaintiff being able to sue, in state court, a federal judge or employee acting on behalf of a federal judge.

Here, the plaintiff did not first obtain leave of the Middle District of Florida before filing the present suit in state court. This Court therefore **GRANTS** the defendants' motion to dismiss the plaintiff's claims and **DISMISSES WITH PREJUDICE** this present action.

###### b.    Both Defendant Eleventh Circuit Judges And Eleventh Circuit Clerk John Ley Enjoy Immunity from Suit

The Court does not intend to undercut the primary basis of its ruling--its adherence to the terms of the Middle District of Florida's injunction order--or to waste more of its own time by a

20

AO 72A
(Rev.8/82)

lengthy discussion of the merits of the immunity defenses asserted by the defendant Eleventh Circuit judges. Suffice it to say that these judges obviously enjoy judicial immunity for their actions in resolving the plaintiff's appeal. *See Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000)(judges enjoy immunity for "acts taken while they are acting in their judicial capacity....)" Any claim to the contrary by the plaintiff is clearly frivolous and also malicious, as he has been informed of the availability of this defense in the numerous lawsuits he has previously filed against federal judges.

Likewise, defendant Clerk John Ley is also covered by the terms of the November 2011 injunction, as the actions for which he is now being sued by plaintiff--consolidating the plaintiff's appeals--were actions that Mr. Ley took as "a judicial employee acting on behalf of a federal judge." *See supra*, at 17, n.13. Yet, to the extent that the plaintiff might quibble about the applicability of the injunction order to Mr. Ley, it is likewise clear that, on the merits, defendant Ley enjoys immunity on the merits.

Specifically, as defendant Ley is the Clerk of the Court for the Eleventh Circuit Court of Appeals, and not a judge, he is not afforded absolute judicial immunity. However, the Eleventh Circuit has held that "[a]bsolute quasi-judicial immunity derives from absolute judicial immunity." *Roland v. Phillips*, 19 F.3d 552, 555 (11th Cir. 1994). "Nonjudicial officials are encompassed by a

21

judge's absolute immunity when their official duties have an integral relationship with the judicial process." *Id.* (quotation marks and citation omitted).  This circuit has decided courts should determine when absolute quasi-judicial immunity applies through "a *functional* analysis of the action taken by the official in relation to the judicial process." *Id.; see also Schopler v. Bliss*, 903 F.2d 1373, 1380 (11th Cir. 1990)(stating "officials who perform judicial . . . functions traditionally have been afforded absolute immunity from suit.").

Here, defendant Ley's alleged actions to consolidate the plaintiff's appeals before the Eleventh Circuit is a functional part of the judicial process.  Under Federal Rule of Appellate Procedure 3(b)(2), "[w]hen the parties have filed separate timely notices of appeals, the appeals may be joined or consolidated by the court of appeals.  FED. R. APP. P. 3(b)(2).  Further, Eleventh Circuit Rules state: "[t]he clerk is authorized . . . to act for the court on the following <u>unopposed</u> procedural motions:  8) to consolidate appeals from the same district."  11TH CIR. R. 27-1(c)(8).  In writing a judicial order consolidating appeals, Defendant Ley was acting in his authorized functional role as the Clerk of the Eleventh Circuit Court of Appeals.  *See Jallali v. Florida*, 404 Fed. App'x 455, 456 (11th Cir. 2010)(granting a clerk absolute immunity in drafting a court

opinion).[17]

Thus, because defendant Ley's actions here constituted inherently judicial activities, he is entitled to the absolute defense of quasi-judicial immunity in this case. For that reason, even were Ley not covered by the Florida federal court's injunctive order, he would be insulated by his own immunity from any lawsuit by the plaintiff based on these alleged actions.

<u>CONCLUSION</u>

For the above reasons, the Court **DENIES** plaintiff's Motion to Remand [7], Motion to Disqualify Judge [5], and Motion for Non-Joinder [12]. The Court **GRANTS** defendants' Motion to Dismiss [2]. Plaintiff's claims are **DISMISSED WITH PREJUDICE.**


SO ORDERED, this <u>5th</u> day of September, 2013.



/s/ Julie E. Carnes
_____
JULIE E. CARNES
CHIEF UNITED STATES DISTRICT JUDGE

---

[17] Although this opinion is unpublished, the Court finds its reasoning persuasive to the present case.

23